# PARKVIEW NURSING HOME, INC. v. CITY OF MINNEAPOLIS AND ANOTHER.

## 123 N. W. (2d) 297.

### July 12, 1963—No. 38,892.

*Fred Albert,* for appellant.

*Keith M. Stidd,* City Attorney, and *Raymond H. Hegna,* Assistant City Attorney, for respondent city.

*L. E. Brophey,* for respondent society.

NELSON, JUSTICE.

Appeal from an order dismissing an action for conversion of personal property.

Plaintiff, a Minnesota corporation, alleges in its complaint that it is the owner of certain personal property used in and about the operation of a nursing home in the city of Minneapolis, said personal property being then of the value of $30,000; that defendant city of Minneapolis, on September 29, 1960, was in possession of said property and wrongfully converted the same by selling it to the defendant Northwest Baptist Home Society; that said society is now in possession of the property

claimed; and that notwithstanding demands duly made by plaintiff said society wrongfully detains the same from plaintiff.

The society answered denying plaintiff's claim but admitting that it had purchased certain real estate and personal property from defendant city. Upon the motion of defendant city, the court entered its order requiring plaintiff to prepare, within 30 days, an itemized list of personal property claimed, giving the brand names thereof, the dates purchased, the name of the party from whom each item had been purchased, the price paid for each of said items, whether said items were new or secondhand when purchased, and the appraised value of each item as of September 29, 1960.

More than 15 days prior to the time that plaintiff was required to submit this inventory, it served interrogatories upon both of the defendants pursuant to the Rules of Civil Procedure requesting the following information:

"1. Since January, 1960, did the defendants, or either of them, take and compile an inventory of the personal property located at the premises at 49th Avenue and North Mississippi Boulevard, Minneapolis, Minnesota?

"a. If the answer to the above is yes, will a copy of said inventory be submitted to the plaintiff?

"2. What personal property, if any, did the defendant, the Northwest Baptist Home Society, receive from the City of Minneapolis as part of the transaction when they purchased the premises at 49th Avenue and North Mississippi Boulevard in Minneapolis, Minnesota, which premises are being used by the defendant, the Northwest Baptist Home Society, as a nursing home or rest home?"

Each defendant replied that the interrogatories were improper because they were not relevant to the subject matter involved in the action.

A note of issue was served upon the Northwest Baptist Home Society only and after more than a year had elapsed the defendant society moved to dismiss the action because of plaintiff's failure to submit the bill of particulars required by the earlier order or, in the alternative, to strike the cause from the trial calendar because no note of issue had been served upon defendant city. Plaintiff then moved for an order re-

quiring defendants to answer the interrogatories previously served and for defendant city to answer the complaint. In support of its motion plaintiff through its attorney explained under oath the reason for the delay in complying with the earlier order and attached a bill of particulars in the form of an inventory taken on or about October 1, 1959. This inventory did not give the brand name, date, seller, price, or value of the items. Plaintiff's counsel specifically stated that he had been unable to present the information as directed by the court order for the following reasons:

"That the Parkview Nursing Home commenced its operation from on or about December 1, 1955, until February of 1959, when it terminated its business because of a labor dispute and from thereon ceased to operate; that from the time of its closing until the Spring of 1960, the records of the Plaintiff were moved from place to place and all invoices concerning the purchase of equipment and fixtures have been misplaced or lost; therefore, brand names, date of purchase, vendor of items, price paid and the condition at the time of its being purchased are not available at the present; that is, *with the exception of one invoice for the purchase of one (1) Frigidaire Model CMT-451 ice cube maker from the Refrigeration Equipment Co., Inc., on 2-27-56 for the sum of $950.00 (Invoice No. 7341), then being new.*

"That in addition to the foregoing, that when the Plaintiff commenced his business operation it purchased from the Parkview Hospital Association, Inc., its predecessors in occupancy of the real estate, and who conducted a Hospital under a lease with the City of Minneapolis, all of its furniture and equipment; that insofar as affiant knows, and he has made thorough investigation thereof, no itemized list of the personal property sold by the Parkview Hospital Association, Inc., to the Plaintiff, the Parkview Nursing Home, Inc., was ever made, so that the particulars desired by the Defendants are not at the present available.

"That there is attached hereto an inventory taken on or about October 1, 1959, which inventory was taken pursuant to negotiations for the rental of the premises of the Nursing Home; that the same is a partial list; that in addition to the foregoing, the only other information at the present time available to the Plaintiff concerning the furniture and

equipment of the Parkview Nursing Home, Inc., is contained in the work records of the Accountant who performed the auditing service for the Plaintiff's Corporation and said records do not include all of the information desired but that the same will be available for examination if such examination is desired by the Defendants." (Italics supplied.)

Plaintiff's motion that defendants be required to answer the interrogatories was denied as was the motion of defendant society to dismiss the action or to strike it from the calendar because plaintiff had failed to serve a note of issue upon the defendant city.

A memorandum was attached to the court's orders, reading as follows:

"The first part of the said defendant's motion is denied because the plaintiff has substantially complied with the basis for said motion.

"The second part of the said defendant's motion to strike this action from the calendar for failure to serve a note of issue is denied though the court is sympathetic with the fact that all issues and all parties should be before the Court for trial as soon as possible. The Court has been assured by the attorney for the plaintiff that necessary arrangements and proceedings will be taken to bring to completion any issues between the plaintiff and the defendant City of Minneapolis and that thereupon he promptly will serve the necessary note of issue upon that defendant."

Defendant city thereafter moved to dismiss the action as to it or to strike plaintiff's complaint or for such other relief as to the court is just, because:

"1.  For failure of the plaintiff to comply with the order of this court dated January 19, 1961, requiring plaintiff to serve upon the defendants a more definite statement as to the nature of the property referred to in plaintiff's complaint.

"2.  The complaint fails to state a claim upon which relief can be granted."

Defendant society having also moved for dismissal the district court entered an order that the motion of defendants for dismissal be granted and that a motion by plaintiff for permission to inspect the premises of

defendants relative to the personal property involved be denied.

The court below no doubt entered its order of dismissal because of plaintiff's inexcusable delays and because plaintiff had failed to fully comply with the order of the court requiring a more definite statement of the property involved. Plaintiff appeared to have no accurate knowledge of the property to which it claimed ownership, or the property, if any, which defendants had actually converted. Nevertheless, we are faced with the fact that requiring plaintiff to give the brand name of each item, the date of purchase, the name of the party from whom each item was purchased, the price paid for each item, and whether said items were new or secondhand, was in part impossible of complete fulfillment, and also the fact that plaintiff did satisfy in part the requirements as to some items and in full as to one item—the Frigidaire ice cube maker.

Plaintiff herein having met the requirements of the court in regard to the ice cube maker, including the invoice number thereof, it is at least entitled to have a determination made on that item. Having met the requirements in this instance, it will be up to plaintiff to furnish reasonable proof as to ownership and conversion of this and other items listed in its attempt to meet in part the demand for a satisfactory bill of particulars.

It is only owing to the fact that the bill of particulars, furnished by plaintiff, has met the requirements in the particular respects hereinbefore referred to, that we reverse and remand the case for trial on such issues as may be available to plaintiff.

Reversed and remanded.